IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | NO. 23-267 |
| | : | |
| MALIK ALSTON | : | |

**ORDER**

AND NOW, this 4th day of December, 2023, upon consideration of Defendant Malik Alston's Motion to Dismiss Indictment (ECF No. 16) and the Government's Response in Opposition, it is ORDERED the Motion is DENIED.[1]

---

[1] On June 20, 2023, Defendant Malik Alston was charged by indictment with one Count of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). ECF No. 1. On October 27, 2023, Alston moved to dismiss the indictment, arguing pursuant to *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022) and *Range v. Attorney General*, 69 F. 4th 96 (3d Cir. 2023) (en banc), that the prosecution violates his Second Amendment right to bear arms. Mot. Dismiss, ECF No. 16. On October 31, 2023, the Government filed a response in opposition. The motion is now ripe for review.

Under the Second Amendment to the Constitution, "the right of the people to keep and bear Arms, shall not be infringed." The Supreme Court has held that "[w]hen the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *Bruen*, 142 S. Ct. at 2129-30. Following *Bruen*, the Third Circuit applied this text-and-history test in an as-applied challenge to 18 U.S.C. § 922(g)(1). *See Range*, 69 F. 4th at 99. Appellant Bryan Range had been convicted of making a false statement to obtain food stamps, a violation of state law punishable by up to five years imprisonment. *Id*. at 98. Because of this conviction, Range was twice rejected from buying a firearm. *Id*. at 98-99. In considering his case, the Third Circuit first determined Range was one of "the people" under the Second Amendment, and then held the Government had not shown "a longstanding history and tradition of depriving people like Range of their firearms." *Id*. at 106.

Relying on *Bruen* and *Range*, Alston brings both as-applied and facial challenges in his motion. The Court will consider the as-applied challenge first. Alston argues the Government cannot meet its burden of showing the application of § 922(g)(1) to him is consistent with this Nation's historical tradition of firearm regulation. Mot. Dismiss 10, ECF No. 16. The Court disagrees and will not extend *Range's* "narrow" decision to Alston. 69 F. 4th at 106. Alston has six felony convictions for, *inter alia*, robbery, carjacking, theft, and a drug offense. Gov't's Resp. Opp'n Def.'s Mot. Dismiss Indictment (hereinafter "Gov't's Resp. Opp'n") 4, ECF No. 17. As the Government discusses in its response, early American laws disarmed certain "groups that lawmakers deemed dangerous and disruptive to society, and were aimed at protecting the public

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, C.J.

---

from violence and disorder." *United States v. Reichenbach*, 2023 WL 5916467, Crim. No. 22-57, at *7 (M.D. Pa. Sept. 11, 2023); *see also* Gov't's Resp. Opp'n 16-19, ECF No. 17. These laws were analogous to § 922(g)(1)'s prohibition on firearm possession by defendants committing "paradigmatic violent crimes" such as robbery. *United States v. Ames*, 2023 WL 5538073, Crim No. 23-178, at *3 (E.D. Pa. Aug. 28, 2023). Because Alston is a "threat to the orderly functioning of society," his as-applied challenge is denied. *Range*, 69 F. 4th at 110 (Ambro, J., concurring); *see also, e.g.*, *Ames*, 2023 WL 5538073, at *2-3 (applying § 922(g)(1) to a defendant with prior robbery and aggravated assault convictions).

As to Alston's facial challenge, he must "'establish[] that no set of circumstances exists under which the Act would be valid,' *i.e.,* that the law is unconstitutional in all of its applications." *Wash. State Grange v. Wash. State Republican Party*, 552 U.S. 442, 449 (2008) (quoting *United States v. Salerno*, 481 U.S. 739, 745 (1987)). Because the Court has already concluded the as-applied challenge fails, the facial challenge must also fail. Accordingly, Alston's motion to dismiss is denied.